IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KELLIE R. GARNER**                                                                                      **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:05-cv-377-KS-JMR**

**TOYS R US, INC.; And**
**THE TRAVELERS INDEMNITY COMPANY**                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#52]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited and being fully advised in the premises, finds that the motion should be Granted in part and Denied in part based on the following

**FACTUAL BACKGROUND**;

This suit arose out of the denial of the plaintiff's workers compensation claim. The plaintiff, Kellie Garner, was employed by the Toys R Us store in Hattiesburg, Mississippi. Toys R Us was insured under a Workers' Compensation and Employers' Liability Policy issued by The Travelers Indemnity Co. ("Travelers"). On the date of the plaintiff's subject injury, Toys R Us, through its Hattiesburg store director, Tim Reeves, provided notice to Travelers of the subject incident. After conducting its claim investigation, Travelers denied the plaintiff's workers' compensation claim. The issue in this case is whether the defendants may be subjected to punitive damages for

Travelers' initial denial of the plaintiff's claim.

The defendants argue that no determination was ever made by the Mississippi Workers' Compensation Commission that the plaintiff was entitled to the benefits at issue in the underlying workers' compensation action, thus, her claim of bad faith must fail. They also contend that Travelers had a legitimate and arguable basis for its decision and there is no evidence that it acted with gross and reckless disregard for the plaintiff's rights. As to defendant Toys R Us, they contend that it procured workers' compensation as required by law and promptly gave notice to Travelers of the subject incident and that it did not handle or make the decision on the plaintiff's claim entitling it to summary judgment.

On February 8, 2003, the plaintiff arrived at the Toys R Us store in Hattiesburg for work shortly after 9:00 A.M. From the evidence before the court, it appears that Garner was somewhat impaired and having difficulty preparing her work station for the opening of the store. By her own admission, she had taken Soma for back pain that morning and was not functioning well. Garner was approached by Tim Reeves, the store manager, who asked her if she needed to go home. Garner responded that she did and Reeves told her to go into the office and call someone to come pick her up. The facts about what occurred after that are somewhat murky as all of the employees involved having slightly differing versions of the incident. What is clear, is that Garner fell and broke her wrist.

A family member picked Garner up and took her home at approximately 10:20 A.M. After Garner's husband came home that afternoon, he took her to Wesley Medical Center's Emergency Room where she was diagnosed with a broken wrist. She

was thereafter treated by an orthopedic, Dr. Brian Humphries.

After its initial investigation, Travelers, twelve days after the incident, denied the plaintiff's workers compensation claim for medical treatment asserting that it was not in the course and scope of her employment and was the result of an "idiopathic condition." Included with the denial letter was what appeared to be an employer's Notice of Controversion. This document was never filed. Instead, the plaintiff filed her Petition to Controvert. A hearing was held before the Workers Compensation ALJ on November 30, 2004. The stipulated issues were

1. Whether Mrs. Garner sustained a work-related injury on February 8, 2003;
2. The existence and extent of temporary disability attributable to the injury; and,
3. Whether the intoxication defense bars this claim.

Opinion of the Administrative Judge at 2.

On March 24, 2005, the ALJ ruled in favor of the plaintiff finding that she had suffered a temporary total disability as a result of the February 8, 2003, injury and that the intoxication defense did not bar the claim. Thereafter, the parties entered into a 9(i) settlement before the Mississippi Workers Compensation Commission compromising the plaintiff's claim for $22,000. The plaintiff then filed the present action asserting bad faith on the part of the defendants as a result of the initial denial of her claim. The defendants have moved for summary judgment.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material

fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir.

1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary

judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**<u>BAD FAITH CLAIMS AND WORKERS' COMPENSATION CARRIERS</u>**

The Mississippi Supreme Court recognized the viability of a bad faith claim against a workers' compensation carrier for intentional torts in *Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 So. 2d 55 (Miss. 1984). The Court stated:

> We hold that the majority view permitting action for an independent tort against an insurance carrier in workers' compensation cases is in line with the thrust of our recent decisions recognizing that punitive damages are appropriate where an insurance company intentionally and in bad faith refuses payment of a legitimate claim in order to prevent insurer from enforcing inadequate settlement. (Internal citations omitted).

469 So.2d at 58.

Under Mississippi law, an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages. However, "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended

by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort." *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975).  Neither are punitive damages recoverable "if an insurance company has a legitimate or an arguable reason for failing to pay a claim."  *Standard Life Insurance Co. v. Veal*, 354 So.2d 239, 248 (Miss.1977).

Thus, for punitive damages to be recoverable under Mississippi law, (1) there must have been an absence of a legitimate or arguable reason for denying the claim; and (2) the insurance company must have committed a wilful or malicious wrong, or acted with gross and reckless disregard for the rights of the insured.  Both of these elements must be present.  *See Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620 (Miss.1988).  Further, punitive damages are not favored under Mississippi law and are considered an extraordinary remedy allowed "with caution and within narrow limits."  *Veal,* 354 So.2d at 247.

**FINAL DECISION BY THE MISSISSIPPI WORKERS COMPENSATION COMMISSION**

The defendants first argue that this bad faith claim is subject to dismissal as the plaintiff has not been adjudged entitled to compensation benefits, which is a prerequisite to the imposition of a bad faith claim.  The plaintiff argues that the decision of the ALJ found that she was entitled to benefits, thus satisfying the necessary prerequisite to the imposition of bad faith damages.  The defendants counter that they had a right to appeal the decision of the ALJ to the full Commission but that the parties ultimately resolved the underlying claim on the basis of a so-called "9(i) settlement"

whereby there was no finding of entitlement to underlying benefits on behalf of the plaintiff. To buttress this argument, the defendants cite to Mississippi cases holding that the Commission is the ultimate finder of fact, not the ALJ. A review of those cases leads the court to the conclusion that they are not applicable to the situation presented here.

For the most part, the cases cited by the defendants deal with claims that were appealed to the full Commission after a decision by the ALJ in which the Commission's findings differed from the ALJ's. Clearly, in those cases, the Commission's findings were the final word on the matter. The defendants, however, attempt to stretch the reasoning of those cases to situations in which the decision of the ALJ is not appealed. They seem to be arguing that the decision of the ALJ is a nullity or of no consequence because they chose to forego an appeal to the Commission and pursue a 9(i) settlement. This argument ignores Mississippi law, both statutory and case law.

Specifically, the Mississippi Appeals Court has held that "the administrative judge's decision regarding compensation is final unless an appeal is taken. Miss.Code Ann. § 71-3-47. Once that appeal occurs, the Commission itself becomes the fact-finder and does not need to defer to findings made by the administrative judge." *Necaise v. Magnolia Personal Care*, 768 So.2d 307, 312 (Miss.App. 1999). The defendants' argument that there has been no adjudication of entitlement to benefits on behalf of the plaintiff is without merit.

## **COURSE AND SCOPE OF EMPLOYMENT**

One of the two reasons for denying the plaintiff's workers compensation claim

advanced by he defendant was that Garner was not within the course and scope of her employment at the time of the accident because Tim Reeves, the store manager, had "told her to go home" before the fall.  The adjustor's notes regarding a conversation with Tim Reeves indicate that Reeves said as much.  However, in reviewing his deposition testimony and his written statement of the incident submitted to the carrier immediately after the incident, it is clear that Reeves did not say this.  In fact Reeves does not even remember talking to the adjuster, Teresa Brooks.  Some of the statements taken by Brooks also indicate that Reeves told Garner to go home before the fall.  Taken together, a question could have arisen in Brooks' mind as to the course and scope issue.  However the inquiry does not end there.

It is incumbent on an insurance company to do an adequate investigation prior to the denial of a claim in order to defeat a bad faith claim, as pointed out above.  One of the main questions presented by the evidence in this case, as espoused by the plaintiff, is whether Brooks performed such an adequate investigation.  As set out above, the claim was denied twelve days after the incident on the day the insurer received the medical releases from Garner and without ordering her medical records.  Further, Brooks was employed only a short time, approximately 21/2 months, as an adjuster in the workers compensation division of the defendant Travelers when this claim ws denied and the plaintiff has raised multiple questions about her training and experience to even handle these types of claims.

It is clear, from the evidence submitted in this case, that the plaintiff was within the course and scope of her employment at the time she fell.  The question remains, was Teresa Brooks justified in reaching the opposite conclusion, based on her training,

9

experience and the record before her?  The court finds that there are genuine material issues of fact on this issue precluding summary judgment.

### IDIOPATHIC CONDITION

The other reason the plaintiff's claim was denied by Brooks is that it resulted from an "idiopathic condition."  A denial on such a basis is clearly contrary to Mississippi law.  *See Chapman, Dependents of  v. Hanson Scale Company*, 495 So.2d 1357, 1361 (Miss. 1986)("We consider exposure to falls upon a concrete floor a sufficient risk attendant upon employment so that an injury caused in part thereby is compensable."). The plaintiff argues that Brooks' reliance on idiopathic condition to deny the claim is additional evidence of her incompetence, unfamiliarity with Mississippi law, lack of training and bad faith on the part of the company for putting her in that position.

The defendants argue now, as they did in the workers compensation proceedings, that prescription drug intoxication was the focus of Brooks' investigation and ultimate denial and urge that the investigative record is replete with references to Garner's impaired state prior to her fall.  The defendants assert that the wording of Brooks' denial "could have been worded better in order to explain in more detail the basis for the denial."

A review of the record does indicate some references to Garner's impaired and confused state prior to her fall.  However, the claims file does not support the defendants' characterization that a proper investigation was conducted to determine if the plaintiff was indeed intoxicated.  What the claims file is replete with is multiple references to "idiopathic condition" without any qualifying limitations related to

intoxication. The court is convinced that there is a genuine issue of material fact as to whether Brooks was justified in denying the plaintiff's initial claim for benefits based on the investigation she performed. The court, cannot conclude, as a matter of law, that Travelers had a legitimate and arguable reason to deny Garner's initial claim.

## **TOYS R US**

Defendant, Toy R Us, has moved for summary judgment asserting that plaintiff's claim for bad faith goes only to the conduct of Travelers, and not it as the employer. The plaintiff has asserted no specific bad faith conduct on the part of her employer that could lead to liability for bad faith damages. Indeed, the plaintiff does not dispute her employer's entitlement to summary judgment in her response to the motion. The court finds that Toys R Us is entitled to summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#52]** filed on behalf of the defendants is Granted as to Toys R Us only and denied as to defendant The Travelers Indemnity Company, and the plaintiff's complaint against the defendant Toys R Us is dismissed with prejudice. A separate judgment will be entered herein in accordance with Rule 58, Fed. R.Civ.P.

SO ORDERED AND ADJUDGED this the 10th day of July, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE